SCANLAN<br>v.<br>WARWICK.

It appears to us clear, under the pleadings and evidence in this case, that the plaintiffs were not entitled to a judgment against the appellant.

It is therefore ordered and decreed that the judgment of the District Court in favor of the plaintiffs against the appellant Mrs. *Warwick* be avoided and reversed at the appellees' costs for the proceedings as to Mrs. *Warwick* in both courts, and that said plaintiffs' demand against her be rejected.

---

## JOHN McDOWELL, JR. *v.* C. A. CROOK—SPEAKE & McCREARY, Garnishees.

The answers of the garnishees must be taken as full proof against the seizing creditor until they are contradicted by other evidence.

A surety can not compensate his contingent liability as such, against a deposit, unless the deposit has been made expressly to guarantee the depositary against such contingent liability.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Price*, for plaintiff and appellant. *Upton*, for defendant. *Race & Foster*, for garnishees. *McCarty & Holland*, for intervenors.

BUCHANAN, J. (OGDEN, J., dissenting.) Plaintiff obtained judgment against defendant, upon confession, in February, 1851, for the sum of $3,234, with interest. In April, 1851, plaintiff recovered, by judgment on third opposition, a portion of the proceeds of property sold under execution, the amount of which portion is left uncertain by the record, but which did not exceed $688, leaving a balance of more than two thousand dollars of his judgment unsatisfied, for which an alias fi. fa. was issued on the 24th April, 1854, and process of garnishment served on the 25th of the same month on *Speake & McCreary*. The plaintiff traversed the answers of the guarnishees to interrogatories, and ruled them to show cause why they should not be condemned to pay the amount of the judgment, on the grounds:

1st. That the answers are not full, clear, and categorical.

2d. That garnishees have in their hands, by their own showing, two thousand dollars belonging to defendant.

3d. That garnishees can not compensate against the amount in their hands, their liabilities, real or supposed, as sureties of defendant upon a certain contract of charter party.

4th. That the answers are untrue, as appears by judicial admissions of the garnishees.

The answers of the garnishees to interrogatories, are to the effect, that defendant deposited with them on the 23d March, 1854, a sum of two thousand dollars, and that subsequently a settlement of accounts was made between them, at which seven hundred and thirty-eight dollars and eighty-five cents

was allowed and paid to the garnishees by the defendant out of the said sum deposited, leaving a balance in garnishees' hands to the credit of defendant, of $1,261 15. The garnishees do not state in express terms that the money was deposited with them for any particular purpose, but they claim to hold the balance of $1,261 15, subject to the payment of claims against the steamboat Texas, incurred between the 13th July, 1853, and the 13th December, 1853, during which period the Texas was running for account of defendant under a charter party, in which garnishees were sureties of defendant. The garnishees aver, moreover, that they have paid since the attachment, a claim against the boat of $128, out of the balance of $1,261 15 in their hands, and that other claims (not specified) are coming in.

To contradict these answers, plaintiff has given in evidence the pleadings in a suit pending between *Crook*, plaintiff, and *Speake & McCreary*, defendants; in which *Crook* claims the return of the two thousand dollars deposited, and *Speake & McCreary* make allegations substantially the same as they have made in their answers to these interrogatories, which we observe were filed on the same day as their answer to the petition of *Crook*. The only material difference between the two answers, is that *Speake & McCreary* declare in their answer to *Crook's* suit that the charter party for which they were *Crook's* securities was dated the 13th June, 1853, and expired five months after that date, or on the 13th November. But the garnishees have not averred in the said answer, any more than in their answers to interrogatories, that the deposit was made for the purpose of guaranteeing them from loss by their suretyship for the charter of the Texas. We view this however as of no great consequence. If they have paid these claims out of moneys in their hands belonging to *Crook*, we consider such payment as made by them as *Crook's* agents, and although they may be hereafter compelled to prove the reality of such payments in the suit instituted by *Crook* against them, yet for the purposes of this garnishment the answers of the garnishees must be taken as full proof against the seizing creditor of *Crook* until they are contradicted by other evidence; which does not appear to us to have been done. According to the answers of the garnishees, then, the balance in their hands belonging to *Crook*, at the time of the attachment, was $1,261 15. It must be remarked that we do not recognize the right to compensate a contingent liability as surety, against a deposit, unless the deposit has been made expressly to guarantee the depositary against such contingent liability. Consequently, no necessity exists for postponing the enforcement of the garnishment until after the decision of the case in the Sixth District Court of *Crook* v. *Speake & McCreary*. The issue of that suit may render the latter liable for a further sum than is acknowledged by their answers to interrogatories to be in their hands. But that circumstance does not interfere with the right of the plaintiff to make them liable for the amount acknowledged. It may further be observed, that any payments made by the garnishees, on account of claims against the Texas after the service of citation in the suit of *Crook*, could scarcely be viewed as made under a mandate from *Crook*, that suit having put an end to such supposed mandate; neither could such payments made after the service of the garnishment avail aught against plaintiff, whose rights have been fixed by such service.

It is therefore decreed, that the judgment of the District Court be reversed, and that plaintiff, *John McDowell, Junior*, recover of *Speake & McCreary*, ap-

pellees, twelve hundred and sixty-one dollars and fifteen cents, with legal interest from April 25th, 1852, until paid; and that appellees pay the costs of the rule in both courts.

OGDEN, J., dissenting. The answer of the garnishees appears to me to be evasive as to the date of the settlement by which the sum of $738 85, was agreed by the defendant to be paid, out of the sum previously deposited with them. They say that the sum of $2,000 was deposited with them by *Crook* on the 23d of March, and that at a subsequent period, the settlement with *Crook* was made; but was that settlement prior or subsequent to the attachment; unless prior to it the rights of the plaintiff were not affected by it. The garnishees must have known that it was essential to fix the date of that settlement, and their failure to do it, or to ask leave to make their answer more explicit when called on by rule to show cause why they should not be condemned to pay the amount, subjects them to liability under the rule laid down in *Kirkman* v. *Hill*, 16 L. R., 523.

I think there should be judgment in favor of the plaintiff for the whole amount of the deposit made by the defendant in the hands of the garnishees on the 23d of March.